IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOSEPH MARK LeBLANC, PRO SE, | § | |
| TDCJ-CID No. 1361901, | § | |
| Previous TDCJ-CID No. 572120, | § | |
| Previous TDCJ-CID No. 971118, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION CAUSE NO. |
| v. | § | 2:09-CV-0160 |
| | § | |
| JOHN ADAMS, JAMIE BAKER, | § | |
| PAUL SLOAN, BRIAN CLARK, | § | CONSOLIDATED WITH |
| MATTHEW DRAKE, | § | CIVIL ACTION NO. |
| TWYLA HUGHES, PATTY WILKINS, | § | 2:10-CV-0033 |
| DHIRAJLAL PATEL, JANET SELLS, | § | |
| JAMES CARL WEBB, | § | |
| TOSHA JAMES, and | § | |
| JEREMY WOODRUFF, | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**

Plaintiff JOSEPH MARK LeBLANC, acting *pro se* and while a prisoner incarcerated in the Texas Department of Criminal Justice, Institutional Division, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against twenty-two defendants and has been granted permission to proceed *in forma pauperis*. Plaintiff's claims against all but the above-referenced defendants were severed into cause nos. 2:10-CV-0032, 2:10-CV-0034, and 2:120-CV-0035.

By his August 21, 2009 Amended Complaint, plaintiff claims, in relevant part, that, on January 15, 2009, after plaintiff refused to comply with an order from defendant DRAKE, defendant DRAKE utilized excessive force in violation of the Eighth Amendment prohibition against cruel and unusual punishment and falsified records by writing a false disciplinary report.

Plaintiff also claims that, when defendant HUGHES arrived on the scene, he had him placed on a stretcher and taken to an elevator. He says she then had plaintiff held in restraints on the stretcher outside in the freezing cold in just his underwear for over 30 minutes for the sole purpose of inflicting further harm on plaintiff. Plaintiff alleges defendant HUGHES tried to cover up DRAKE's assault by threatening plaintiff, falsifying documents, and telling medical staff that nothing was wrong with plaintiff. Plaintiff says he suffered a compound fracture to the "oracle" facial bone, blunt force trauma to his head and face, and lost the use of his right leg for 18 days.

Plaintiff further alleges defendants ADAMS, BAKER, SLOAN, and CLARK "are all Administrators with the power to assist Plaintiff and Resolve the problem; but each chosed [sic] to ignore Plaintiff's plea for assistance, even when Risk Management determined Plaintiff suffered broken Bones [upper cases in the original]."

Plaintiff alleges defendant Dr. PATEL denied him adequate emergency medical care, causing plaintiff to suffer and continue to suffer pain from a broken facial bone. Plaintiff alleges he "has had to endure Mediocre Medical Care" by defendant Dr. PATEL, which led to other problems, and that Dr. PATEL had lied and falsified plaintiff's medical records.

Plaintiff alleges defendant WILKINS denied him access to medical care, threw away his sick call requests and denied him medical treatment, using derogatory racial slurs to address him.

Plaintiff alleges defendant JAMES, the Medical Administrator at the Clements Unit, "has the Authority to over-rule [defendant] Dr. PATEL and investigate his negligence in providing Plaintiff the Emergency care he needed and prevent Plaintiff['s] pain and suffering," but has refused to resolve "the medical issues of providing Adequate Medical Care [upper cases in the

original]."

Plaintiff alleges that defendant SELLS, the grievance supervisor at the Clements Unit, "fail[ed] to investigate and/or correct plaintiff's complaints . . . intentionally denied plaintiff's grievances in order to cover the wrong of officers and . . . would not process plaintiff's grievances" which she knew to be meritorious.

Plaintiff also alleges that, on an unspecified date, defendant WEBB, an inmate at the Clements Unit and, plaintiff states, a known CRIP gang member, attacked plaintiff after plaintiff "explain[ed] to defendant WEBB that [plaintiff did] not condone such acts and [was] not going to except [sic] that while Plaintiff [was] in the cell." Plaintiff says that, after his explanation to WEBB, WEBB went to recreation and attacked plaintiff on his return because defendants WOODRUFF and DRAKE told WEBB plaintiff was a snitch. Plaintiff says he suffered cuts and bruises and lost his voice after being choked by WEBB.

Plaintiff further alleges defendant WOODRUFF has placed his life in danger by telling the CRIP gang he stabbed a CRIP member, telling the Aryan Brotherhood plaintiff is running from the Aryan Brotherhood, and telling both groups that he is a snitch. He says WOODRUFF deprived plaintiff of food or tampered with his food and deprived him of recreation whenever he worked plaintiff's housing assignment.

Plaintiff requests a preliminary and permanent injunction ordering defendants ADAMS, BAKER, SLOAN and CLARK to stop the mistreatment; ordering defendants PATEL, JAMES, and WILKINS to "Stop and Desist the Mediocre Medical Treatment" and provide plaintiff with a neurologist for his head injuries and stop denying medical treatment for his right leg and right eye and facial bone; and ordering defendants DRAKE and WOODRUFF not to have any contact

with plaintiff while he's at the Clements Unit. Plaintiff also requests corrective surgery on his face. Plaintiff requests compensatory damages of $100,000.00 against each defendant, jointly and severally, and punitive damages of $250,000.00 against each defendant, as well as costs.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

As to inmate WEBB, plaintiff has failed to state a claim on which relief can be granted. Title 42, United States Code, section 1983 does not cover claims against purely private parties Two elements are necessary for recovery in this type of suit: (1) the plaintiff must show the

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

defendant deprived him of a right secured by the Constitution and laws of the United States; (2) the plaintiff must show the deprivation was committed under color of law. *Adickes v. Kress*, 398 U.S. 144, 149, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970). Plaintiff has alleged no fact showing defendant inmate WEBB was acting under color of state law. His allegations against him, therefore, do not constitute a cognizable federal claim. *See Richard v. Hoechst Celanese Chem. Group, Inc.*, 355 F.3d 345, 352 (5th Cir. 2003).

Plaintiff sues defendants ADAMS, BAKER, SLOAN, and CLARK for failing to satisfactorily resolve his complaints after the January 15, 2009 excessive use of force, even after it was discovered he had sustained broken bones. Plaintiff does not state what he asked one or all of these defendants to do, whether he made his request(s) orally or in writing, or whether he knows the defendants received them. Further, plaintiff does not give any reason why he thinks the defendants' failure to resolve his complaints violated his constitutional rights. To the extent plaintiff was complaining of the use of force incident, the acts of subordinates trigger no individual section 1983 liability for supervisory officers. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999). A supervisory official may be held liable only when he is either personally involved in the acts causing the deprivation of a person's constitutional rights, or there is a sufficient causal connection between the official's act and the constitutional violation sought to be redressed. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir.1987); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir.1981) (*per curiam*). Plaintiff has alleged no fact demonstrating personal involvement by these officials and has alleged no fact showing any causal connection between their acts or omissions and the alleged constitutional violation. To the extent plaintiff was complaining of the medical care he received after the

January 15, 2009 use of force, plaintiff's allegations do not show why prison officials were not entitled to depend on the judgment of qualified medical personnel providing medical care to plaintiff.

Consequently, plaintiff's allegations against these defendants fail to state a claim on which relief can be granted.

Plaintiff alleges defendant Dr. PATEL denied him adequate emergency medical care which has caused him continuing pain from his broken facial bones. Further, he says he has endured "Mediocre Medical Care" from Dr. PATEL, who had lied and falsified plaintiff's medical records. Deliberate indifference to a prisoner's serious medical needs constitutes an Eighth Amendment violation and states a cause of action under Title 42, United States Codes section 1983. *Estelle v. Gamble*, 429 U.S. 97, 105-07, 97 S.Ct. 285, 291-93, 50 L.Ed.2d 251 (1976). Deliberate indifference is defined as a failure to act where prison officials have knowledge of a substantial risk of serious harm to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994).

Plaintiff's allegations do not state a claim of deliberate indifference by defendant Dr. PATEL but, instead, merely show plaintiff feels defendant Dr. PATEL was, at the most, negligent.

Negligent or erroneous medical treatment or judgment does not provide a basis for a section 1983 claim. *Graves v. Hampton,* 1 F.3d 315, 319 (5th Cir.1993). As long as medical personnel exercise professional medical judgment, their behavior will not violate a prisoner's constitutional rights. *See Youngberg v. Romeo,* 457 U.S. 307, 322-23, 102 S.Ct. 2452, 2461-62, 73 L.Ed.2d 28 (1982). A disagreement over the appropriate medical treatment constitutes, at

most, a possible claim of medical malpractice appropriately addressed under state law. *Estelle v. Gamble,* 429 U.S. 97, 107-08, 97 S.Ct. 285, 293, 50 L.Ed.2d 251 (1976); *Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir.1991); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993)("negligent medical care does not constitute a valid section 1983 claim.").

Plaintiff has failed to state a claim against defendant Dr. PATEL on which relief can be granted.

Plaintiff alleges defendant JAMES, the Medical Administrator at the Clements Unit, "has the Authority to over-rule [defendant] Dr. PATEL and investigate his negligence in providing Plaintiff the Emergency care he needed and prevent Plaintiff['s] pain and suffering," but has failed to resolve "the medical issues of providing Adequate Medical Care [upper cases in the original]." Again, plaintiff has stated no fact showing defendant JAMES had knowledge of a substantial risk of serious harm to his health or safety and failed to act. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994). Further, defendant JAMES has no constitutional duty to believe an inmate's claims as to his medical condition as opposed to the findings of medical professionals. *See, e.g., Althouse v. Roe*, 542 F.Supp.2d 543 (E.D.Tex. 2008) (citing *Taylor v. McElvaney*, slip op.no. 1:01cv94 (N.D.Tex., Aug. 12, 2002)(unpublished) (available at 2002 WL 32138256)(no duty to believe inmate's allegations over officer's statement and medical record) (citations omitted)). Therefore, plaintiff's claim against defendant JAMES lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

As to plaintiff's claim against defendant SELLS for failing to adequately investigate and satisfactorily resolve plaintiff's grievances, the narrowing of prisoner due process protection

announced in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), leaves plaintiff without a federally-protected right to have his grievances investigated and resolved. Any right of that nature is grounded in state law or regulation and the mere failure of an official to follow state law or regulation, without more, does not violate constitutional minima. *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), *cert. denied*, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979). Plaintiff's claim against defendant SELLS lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Claims filed pursuant to Title 42, United States Code, Section 1983, by plaintiff JOSEPH MARK LeBLANC against defendants WEBB, ADAMS, BAKER, SLOAN, CLARK, PATEL, JAMES, and SELLS be DISMISSED WITH PREJUDICE AS FRIVOLOUS AND WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

Plaintiff's remaining claims against defendants DRAKE, HUGHES, WILKINS, and WOODRUFF are not addressed in this Report and Recommendation.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 2nd day of December, 2010.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).